IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:

PEDRO A. PINTO and  : BANKRUPTCY NO. 16-18061 (REF)
MARIA D. PINTO,  :
 : CHAPTER 13
    Debtors  :

## FIRST AMENDED CHAPTER 13 PLAN

1. The future earnings of the Debtors are submitted to the supervision and control of the Court, and the Debtors shall pay to the Trustee for a period of sixty (60) months as follow:

    6 Monthly Payments of $1,585.91 a month to Trustee
    1 Monthly Payment of $1900.74 a month to Trustee
    53 Monthly Payments of $2,139.95 a month to Trustee

2. From the Plan payments so received, the Trustee shall make disbursements as follows:

    a.    The priority payments required by Section 507(a)(1), including but not limited to:

        Trustee's Commission
        Trustee's Noticing Fee

    b.    Any funds remaining after the above amounts are paid in full to the following secured creditors:

| | |
|---|---|
| Wells Fargo, N.A. - Mortgage arrearages | $ 70,832.67 |
| Pennsylvania Department of Revenue | 1,685.56 |

    c.    Any funds remaining after the above amounts are paid in full to the following unsecured, priority creditors:

| | |
|---|---|
| Internal Revenue Service | $21,374.25 |
| Pennsylvania Department of Revenue | 5,288.91 |
| Berkheimer Assoc. – E. Penn School Dist. | 3,499.00 |

    d.    Any funds remaining after the above amounts are paid in full: Pro Rata payment of all allowed unsecured claims.

3.  The current monthly payments on the following claims will be paid by the Debtors directly to that Creditor and will not be paid under the Plan. The Debtors will cure the default on those claims, if any, by making payments on the arrears through the Plan. Upon completion of the payment of the arrears, the Debtors will be reinstated on the original payment schedule for the claim(s) as if no default had ever occurred, except for the amount of any default in current payments to be made after commencement of this case which has not been cured by that date:

        Wells Fargo Bank – First Mortgage

4.  The onward real estate taxes on the real property will be paid by the Debtor directly to the appropriate taxing authorities and will not be paid under the Plan.

5.  The title to the Debtors' property of the estate shall revest in the Debtors upon confirmation of this Plan and upon closing of the case pursuant to Bankruptcy Rule 5009, and the Debtors shall have sole right to use and possession thereof during the pendency of this case, including the right to use, sell or lease such property in the ordinary course of the Debtor's affairs.

6.  This Plan complies with the provisions of Chapter 13 and all other applicable provisions of Title 11 of the United States Code. Any fee, charge or amount required to be paid under Chapter 13 of Title 28 of the United States Code or required by the plan to be paid before confirmation has or will be paid prior to confirmation.

Dated: June 20, 2017

        _____
        Stephen J. Palopoli III, Esquire
        Attorney I.D. No. 53647
        Counsel for Debtors
        1125 S. Cedar Crest Blvd., Suite 205
        Allentown, PA 18103